**MELVIN FRANK FORD v. DANIA LUMBER AND SUPPLY CO., INC., a Florida Corporation and LINDSLEY LUMBER CO., a Florida Corporation.**

7 So. (2nd) 594     Special Division A
April 21, 1942

James E. Hunt, and Frank E. Bryant, for plaintiff in error.

Charles H. Landefeld, Jr., LeRoy Collins, and Guyte P. McCord, Jr., for defendants in error.

ADAMS, J.:

Final judgment for defendant is before us for review on writ of error. The plaintiff sued to recover damages charging defendant maintained a private nuisance; that same depreciated the market value of plaintiff's home and injured his health.

On motion the court struck the claim for damages affecting the market value of plaintiff's home. The court, however, allowed an amendment to claim

damages for the depreciated rental value of the plaintiff's home.

A plea of res judicata was filed alleging in substance that theretofore the subject matter now in suit had been litigated in a case wherein State ex rel. Melvin Ford, et al., plaintiffs v. Lindsley Lumber Co., et al., defendants were parties; that the latter suit was in equity and was to abate the nuisance here charged as a public nuisance. This plea was held good.

We have two questions. Was the plea of res judicata good and what is the proper measure of damages if plaintiff prevails?

The law of res judicata has many times been declared by this Court. McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323; Day v. Weadock, et ux., 104 Fla. 251, 140 So. 668. One essential element is identity of parties. 34 C. J., 915, Black on Judgments (2nd ed.) Section 500, et seq.

We held in effect, in Pompano Horse Club Inc. v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801, 52 A. L. R. 51, that where a suit was brought by an individual in the name of the state to suppress by injunction a public nuisance, the public was the real party in interest to the same extent as though the suit was brought by the attorney general.

It was held in Delliher v. Stone & Webster, 75 Fed. (2nd) 331 (CCA 5th Cir.) that a final decree in a suit seeking to enjoin a threatened trespass would not bar a subsequent action in tort for the trespass after its commission. Schnitzer v. Excelsior Powder Mfg. Co., 160 S. W. 282; 28 Am. Jur. 483; Purdue v. Ward, 87 W. Va. 371, 106 S. E. 874, 14 A. L. R. 539.

Coming now to a discussion of the case of Mercer, et vir., v. Keynton, et al., 121 Fla. 87, 163 So. 411, the

Mercer case does not rule this case as the Mercer case was not brought in the name of the State. The plaintiff there litigated the issue of damages. Our attention has been called to no authority to warrant the recovery of damages in an equity suit where the State is the party plaintiff as in the present case.

We have not overlooked defendants in error's contention that while the plea might not be good as a plea of res judicata yet, it is good as an estoppel by judgment. One essential element of estoppel by judgment is identity of parties suing in the same capacity. Section 536 Black, supra. There might be merit in this contention if suit had been brought in the name of the State to enforce a purely personal right. We hold that the plea was bad in law.

Passing now to the second question, it appears that the nuisance is remedial. It may be abated and in that event the damage would cease. For that reason the plaintiff's recovery be limited to the loss of the use value of his property during the period of the nuisance. 39 Am. Jur. (Nuisance) Section 130, et seq. 46 C. J. 828.

The judgment is reversed for further proceeding not inconsistent with this opinion.

BROWN, C. J., BUFORD and TERRELL, JJ., concur.