107 So.2d 394 (1958)
Mary Jane MARTIN and George Martin, her husband, Appellants,
v.
ARROW CABS, Inc., a Florida corporation, and Irving Saidman, Appellees.
Jessie S. SMITH and her husband, Joe W. Smith, Appellants,
v.
ARROW CABS, Inc., a Florida corporation, and Irving Saidman, Appellees.
No. 58-221.
District Court of Appeal of Florida. Third District.
October 28, 1958.
*395 Truett & Watkins and Von Zamft & Kravitz, Miami, for appellants.
Brown, Dean, Adams & Fischer, Miami, for appellees.
HORTON, Judge.
The appeal in this cause is upon a stipulated record, authorized by Florida Appellate Rule 3.6, subd. h, 31 F.S.A., and contains an agreed statement of facts.
On April 12, 1954, Jessie S. Smith, as driver, Mrs. Ann Cooper, Mrs. Odie Smith and Mrs. Mary Jane Martin were traveling in an automobile owned by Mrs. Odie Smith, when it collided with a taxicab driven by Irving Saidman and owned by Arrow Cabs, Inc. The women in the Smith automobile were proceeding to downtown Miami to shop. The ladies took turns using their automobiles and did not charge each other for the transportation. As a result of the accident, injuries were sustained by the four women in the Smith automobile. Jessie S. Smith and her husband, Joe W. Smith, instituted an action for damages against the appellees. This suit was followed shortly by three additional suits filed on behalf of Ann Cooper and Van Cooper, her husband, Mary Jane Martin and George Martin, her husband, and Odie Smith and Jack Smith, her husband, against the appellees. The four cases were consolidated by order of the court and set for trial on May 4, 1955. When the cases were called for trial, Mary Jane Martin and George Martin, and Jessie S. Smith and Joe W. Smith elected to take non-suits in their actions against the appellees, and an order of non-suit was entered as to said parties. The remaining cases  the Coopers and the Jack Smiths  were tried before a jury and a verdict returned in favor of the appellees. A final judgment upon the jury verdict was entered in favor of said appellees.
An appeal was taken by the Coopers and the Jack Smiths from the judgment entered in favor of the appellees, and the Supreme Court of Florida affirmed this judgment. On June 7, 1955, an order taxing costs in the sum of $50 was entered in the Martin case which had previously been non-suited. Likewise, on the same date an order taxing costs in the amount of $75 was entered in the Joe W. Smith case, which had also been non-suited. Neither of the orders taxing costs in the above two non-suited cases has been satisfied.
On June 15, 1956, Mary Jane Martin and her husband instituted a new action against the appellees and likewise, on the same date Jessie S. Smith and her husband instituted a separate action against the *396 appellees both cases being predicated upon the original automobile accident and containing the same material allegations as in their first complaints. These two suits were consolidated by order of the court for trial. On October 25, 1957, the appellees moved for summary judgment in the consolidated cases upon two grounds: (1) that the verdict and judgment entered in the Cooper case and the Jack Smith case constituted an estoppel by judgment or res judicata as to these second actions, and (2) that the Martins and the Joe W. Smiths had failed to satisfy the cost judgments in their prior suits subsequent to judgment on their non-suit. The motion for summary judgment was granted by the trial judge and a final judgment entered thereon on February 13, 1958 upon both grounds contained in the motion for summary judgment.
The appellants contend that it was error to grant summary judgment upon the two grounds contained in the appellees' motion. We conclude the contention is well taken and the cause should be reversed.
The court is authorized under Rule 1.35(d), Florida Rules of Civil Procedure, 30 F.S.A., to stay proceedings when a plaintiff has failed to pay the costs of a previously dismissed action involving the same claim. However, the discretion conferred by the rule extends only to an abeyance or stay of the proceedings until the costs of the prior proceedings have been paid or otherwise secured as the court may direct. Certainly the failure to pay costs is not one of the grounds contemplated as a basis for the entry of a summary judgment under Rule 1.36, Florida Rules of Civil Procedure. Consequently, that portion of the summary judgment referring to failure of the appellants to pay the costs in their prior suits as a basis for the judgment is clearly erroneous.
The other ground of the motion upon which the court based its summary judgment is equally without merit. The essential requirements for the application of the doctrine of res judicata are clearly set forth in Brundage v. O'Berry, 101 Fla. 320, 134 So. 520, 522:
"In order to make a matter res judicata there must be the concurrence of the four conditions following: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and the parties to the action; (4) identity of the quality in the person for or against whom the claim is made. Yulee v. Canova, 11 Fla. 9; Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 So. 504; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577; Gray v. Gray, 91 Fla. 103, 107 So. 261."
Obviously the identity of the persons and the parties to the action is different in the various actions. Identity of parties is also required to invoke the defense of estoppel by judgment. Shearn v. Orlando Funeral Home, Fla. 1956, 88 So.2d 591.
In Youngblood v. Taylor, Fla. 1956, 89 So.2d 503, 505, the Supreme Court of Florida, through Justice Thomas, suggested an illustration which we feel is analogous to the question under consideration, when he said:
"To illustrate, if two persons wholly unrelated are passengers in a motorcar that becomes involved in an accident, only one set of circumstances arises as a basis for recovery. But it does not follow that there is but one cause of action for each of the injured persons has the right to sue and the action of one is not determined by the adjudication of the action of the other."
It is true that the comment quoted above may be considered as dicta by the court. The factual situation of the case there under consideration involved the derivative right of a father to recover for damages resulting from injuries sustained by his minor son. The father had previously sought damages on behalf of his son as a *397 next friend in which action the jury had returned a verdict of not guilty. In a second action by the father, the defendant sought to interpose the defense of res judicata occasioned by the adverse judgment in the prior suit. The court concluded that there was not an identity of parties sufficient to invoke the doctrine and that the father's right of action was independent of that of the minor son and could have been enforced even though the minor might have waived his own right.
Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.