MURPHREE, JOHN A. H., Associate Judge.
Hildreth, driving a pickup truck, collided with a tractor-trailer driven by Hay as an employee of Central Truck Lines, Inc. Hay was killed and Hildreth was injured. Hildreth sued Central basing his claim upon the alleged negligence of Hay. Central denied negligence on the part of its servant and pled contributory negligence by Hildreth. Central also counterclaimed for damage to its tractor-trailer based upon the alleged negligence of Hildreth.
In another suit, the widow of Hay sued Hildreth for the wrongful death of her husband. Mrs. Hay successfully resisted an effort by Central to have the two cases tried together. The Hildreth suit was tried first and resulted in a judgment in his favor *773 against Central. The Hay suit next came on for trial and Hildreth advanced the defense of res adjudicata or estoppel by judgment. The lower court ruled that Mrs. Hay was bound by the determination in the Hildreth suit that the sole proximate cause of the accident was the negligence of her deceased husband. A summary final judgment was accordingly entered against Mrs. Hay and she appealed.
The parties agree, and so do we, that if Hay could not have recovered for his own injuries had he lived, because of the adjudication of negligence on his part in the Hildreth suit, then his widow would likewise be barred in her action for his wrongful death. See Duval v. Hunt, 34 Fla. 85, 15 So. 876, and Epps v. Railway Express Agency, Fla.1949, 40 So.2d 131.
Hay was not a party to the Hildreth suit nor a privy to the action. He had no beneficial interest in a judgment in favor of Central. Under those circumstances Hay would not have been barred from maintaining an action in his own right had he lived.
In Youngblood v. Taylor, Fla.1956, 89 So.2d 503, the father sued as next friend for injuries to his minor son and lost. He then sued in his own right for damages personal to himself. It was held that res adjudicata did not apply to the father’s suit, the two causes of action being independent of each other and the parties plaintiff different. In Martin v. Arrow Cabs, Inc., Fla.App.1958, 107 So.2d 394, four passengers were injured in a taxi cab accident. Two of the passengers sued and lost. The other two then sued and it was held that they were not barred by res adjudicata or estoppel by judgment, because the parties plaintiff were different in the two actions and the causes of action were distinct and independent of each other.
Hildreth cites Epps v. Railway Express Agency, Fla.1949, 40 So.2d 131, and Rehe v. Airport U-Drive, Inc., Fla. 1953, 63 So.2d 66, as authority for the proposition that the parties need not be identical to invoke the doctrine of res adjudicata or estoppel by judgment. Those cases can be distinguished from the instant suit, however, in that the parties plaintiff in those cases stood to gain even though not actual parties to the entire litigation, which is not the situation here. As to this distinction see the opinion in the Rehe case.
Hildreth would have us say that the determination of a servant’s negligence in a suit involving only the master and a third party is binding upon the servant although not a party to the cause. We are not persuaded of the wisdom or the justice of extending the doctrine of res adjudicata or estoppel by judgment that far, nor do we feel impelled to do so by the authorities submitted.
Hildreth refers us to King v. Stuart Motor Co., D.C., 52 F.Supp. 727, where in effect, a servant was sued for his act of negligence and the plaintiff lost. The plaintiff then sued the master for the same act of negligence of the servant and it was held that the latter action was barred by res adjudicata. In that suit, however, the plaintiff had his day in court on the issue of the servant’s negligence, which is not so in the instant suit.
Hildreth makes the further contention that Mrs. Hay had her day in court by resisting Central’s effort to have her suit and the Hildreth suit tried together, but there is no merit to this.
Reversed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.