Joan PALLEN, as Guardian ad Litem of Andrea Brady Pallen, and Joan Pallen, Individually, Plaintiffs,

v.

ALLIED VAN LINES, INC., and Andrew Murphy, Defendants.

United States District Court
S. D. New York.

Nov. 7, 1963.

Harry H. Lipsig, New York City, Murray L. Lewis, New York City, of counsel, for plaintiffs.

Mendes & Mount, New York City, Brendan C. Kelly, New York City, of counsel, for defendant Allied Van Lines, Inc.

LEVET, District Judge.

Defendant Allied Van Lines, Inc. (Allied) moves to amend its answer to assert the defense of collateral estoppel. This action is brought by the plaintiff to recover in her representative capacity, as guardian ad litem, for the personal injuries to her minor daughter, Andrea Brady Pallen, and in her individual capacity for her own medical expenses and loss of earnings due to her daughter's injuries. The action arises out of an automobile collision in the State of Florida on July 30, 1957, in which the minor plaintiff, Andrea Pallen, was a passenger in an automobile owned and operated by the individual defendant, Andrew Murphy. Jurisdiction of the court is invoked on the basis of diverse citizenship, the plaintiff being a New Jersey resident, the defendant Allied, an Illinois corporation, and the individual defendant Murphy, a resident of the State of New York.

The defendant's claim of collateral estoppel arises from an action commenced by the individual defendant Murphy against Allied in the Circuit Court of the 11th Judicial Circuit of

Florida in and for Dade County. The Florida action was dismissed on the defendant's motion for summary judgment on November 3, 1960. Allied alleges that Murphy was suing in Florida for his own injuries and for the wrongful death of his wife, Bridget Murphy, who, like the infant plaintiff, was a passenger in the Murphy car at the time of the accident. Certified copies of the papers in the Florida action are annexed to the proposed amended answer.

The determination of which law is to govern the defense of collateral estoppel begins with the inevitable citation of the Erie trilogy.[1] The initial inquiry under Erie is to determine whether there is to be any reference to state law, be it the law of New York or Florida; a question left completely untouched by the briefs.[2] The touchstone is whether the doctrine of res judicata and its corollary, collateral estoppel, are of such a nature as to "determine the outcome of * * * litigation" (Guaranty Trust, supra, 326 U.S. at 109, 65 S.Ct. at 1470, 89 L.Ed. 2079), but not of such a nature as to be representative of "a strong federal policy" (Byrd, supra 356 U.S. at 538, 78 S.Ct. at 901, 2 L.Ed.2d 953), warranting the application of federal law. There would seem to be very little doubt that the defense of collateral estoppel would be "outcome-determinative" within the meaning of Guaranty Trust. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Boulter v. Commercial Standard Ins. Co., 175 F.2d 763 (9 Cir. 1949); Schott v. Colonial Baking Co., 111 F. Supp. 13 (W.D.Ark.1953); Sachs v. State Mut. Life Assur. Co., 82 F.Supp.

479 (W.D.Ky.1949). The only remaining question is whether there is a strong federal policy under the facts of this case to mollify the result seemingly compelled by Guaranty Trust.

There are unquestionably situations where, in spite of the fact of diverse citizenship, the Byrd doctrine compels the application of federal law in determining the binding effect of a prior judgment. Thus, where the prior judgment is that of a federal district court dismissing the action for lack of prosecution pursuant to Fed.R.Civ.P. 41(b), federal law is to govern the defense of res judicata under the Byrd doctrine, notwithstanding contrary state law. Kern v. Hettinger, 303 F.2d 333 (2 Cir. 1962). But compare Boulter v. Commercial Standard Ins. Co., supra, where California law was held to govern the res judicata effect of a prior declaratory judgment action in the United States District Court. Similarly, where the right asserted is federally created, federal law would determine the binding force of a prior judgment in spite of the fact that jurisdiction is vested in the federal court by reason of diverse citizenship, as when a longshoreman, as a Sieracki-seaman,[3] sues on the civil side of the court for maritime personal injuries. Cf. Bruszewski v. United States, 181 F.2d 419 (3 Cir. 1950).

But no comparable factors are present in this case. Here, a state-created right is asserted by the plaintiff in the federal court on the basis of diverse citizenship. The prior judgment is that of a state court. None of these facts evinces a strong federal policy within the Byrd doctrine compelling the ap-

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Byrd v. Blue Ridge Rural Elec. Coop., Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).

2. The briefs also fail to touch upon the question of New York's choice of law principles and the applicable Florida law, both of which are of significant importance, as will be shown infra. It is

little wonder that in these Erie situations it may be permissible for the district judge simply to throw up his hands and say that if the parties wish to be bound by New York law, so it shall be. See Persson v. M. W. Kellogg Co., 323 F. 2d 431, n. 1 (2 Cir. 1963); Gediman v. Anheuser-Busch, Inc., 299 F.2d 537, 544, n. 6 (2 Cir. 1962).

3. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

plication of federal law. The initial Erie reference, therefore, is to the law of the State of New York.

The Erie reference to New York law includes, of course, reference to the New York choice-of-law principles. Klaxon Co. v. Stentor Manuf. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The issue has thus narrowed itself at this point to determining the law which the New York courts would apply to this case.

The New York choice-of-law rule is that the res judicata effect of a judgment is to be determined by the law of the state where the judgment was rendered, in the absence of compelling circumstances requiring the application of New York law. Hinchey v. Sellers, 7 N.Y.2d 287, 197 N.Y.S.2d 129, 165 N.E.2d 156 (1959). See also Johnson v. Muelberger, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951); Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963); Restatement, Conflict of Laws § 450 (1934). There are here no compelling circumstances warranting the application of New York law. The prior judgment is a Florida judgment; the alleged tort occurred in Florida; neither the plaintiff nor the defendant Allied is a New York resident. New York's only contact with this suit is with the individual defendant Murphy, and the accidental one of having this suit brought in a United States District Court sitting in New York. Under these circumstances, the New York courts would be, as this court is, a forum of convenience and would apply the law of Florida in determining the binding effect of the prior judgment entered there.

The controlling law on this motion is, therefore, the law of Florida. The defendant Allied alleges that the defendant Murphy sued in a representative capacity for the wrongful death of his wife. While the pleadings are not at all clear, it would seem that the Florida action was brought by Murphy in his own stead for his own personal injuries, for the damage to his car and for the loss of consortium of his wife. But even assuming, perhaps contrary to the fact, that Murphy sued for the wrongful death of his wife, Florida law would hold that a passenger is not barred from suing by an adverse judgment obtained in a prior suit by another passenger. Hay v. Hildreth, 125 So.2d 772 (Fla.App.1961); Martin v. Arrow Cabs, Inc., 107 So.2d 394 (Fla.App.1958); Youngblood v. Taylor, 89 So.2d 503 (Fla.Sup.Ct.1956). In Hay v. Hildreth, supra, a prior judgment for the driver of a pick-up truck which collided with the tractor-trailer in suit against the owner of the tractor-trailer did not bar a later suit, growing out of the same accident, brought by the widow of the tractor-trailer operator against the driver of the pick-up truck. Similarly, in Martin v. Arrow Cabs, supra, a prior judgment adverse to two of four passengers did not bar the action of the other two passengers. The prior Florida judgment, therefore, affords no basis for the defense of collateral estoppel.

Allied's motion to amend is accordingly denied.

So ordered.