McCAIN, Judge.
Petitioner, plaintiff below, seeks certiora-ri to review a trial court’s order striking *275 his defense of res judicata to a counterclaim filed by respondent, defendant below.
The myriad of events precipitating this cause commenced with a motor vehicle collision between a truck and Volkswagen. Petitioner was driving the truck owned by Alterman Transport Lines. Respondent was operating the Volkswagen.
Respondent first became plaintiff in a separate suit for property damages and personal injuries against both Alterman and petitioner. They both counterclaimed. Respondent and petitioner then voluntarily dismissed their claims against each other without prejudice. Trial resulted in a jury verdict and judgment thereon for Alterman on respondent’s claim and for respondent on Alterman’s counterclaim.
The action sub judice was then separately filed with petitioner suing respondent for personal injuries. When respondent counterclaimed for his own injuries and damages the petitioner raised the defense of res judicata. Upon motion the court struck the defense and this petition for writ of certiorari followed.
In cases involving motor vehicle collisions and liability arising therefrom, we construe the rule to be that if a plaintiff sues a driver and loses on the merits, the owner may raise this in defense to a subsequent action against him. So too, if a plaintiff sues the owner and loses, the driver may raise this in defense to a later suit against him.[1] No distinction is to be placed on the fact a party proceeds through a counterclaim rather than by an original action.
The respondent exercised his opportunity to fully litigate his issues with the owner of the truck and chose not to include the driver as a defendant. This places him squarely within the above rule when the driver now pursues his independent claim seeking recovery.[2]
The respondent does not question the use of certiorari for review of this cause, however we find it compatible with the principles enunciated for its purpose.[3]
For the foregoing reasons certiorari is granted and the order of the trial court striking the defense of res judicata is quashed with directions to reinstate the same.
CROSS and OWEN, JJ., concur.

. Hay v. Hildreth, Fla.App.1961, 125 So.2d 772.

. See Hay v. Hildreth, Fla.App.1961, 125 So.2d 772.

. Hinchee v. Fisher, Fla.1957, 93 So.2d 351; Thoman v. Ashley, Fla.App.1964, 170 So.2d 332.