CARROLL, DONALD R., Acting Chief Judge.
The plaintiffs in an automobile negligence action have appealed from an order entered by the Circuit Court for Okaloosa County granting the defendants’ motion to dismiss the complaint as to the defendant insurer.
The sole question presented for our determination in this appeal is whether the said court committed error in dismissing the complaint as to the defendant insurer upon the basis of res judicata or estoppel by judgment.
In the order appealed from herein the court stated that, in entering the order, it considered “the two prior cases that were filed against D. J. Whalen, Helen Whalen and United Services Automobile Association. . . . ”
The two prior cases referred to by the court in its said order were filed against D. J. Whalen and Helen Whalen, the parents of the defendant Phyllis Whalen, and against the United Services Automobile Association. Phyllis was not, however, a party to those cases.
The language quoted above from the order appealed from no doubt reflects the third ground of the defendants’ motion to dismiss the complaint, which ground reads as follows: “That the decision rendered in a previous case tried in this Court, to wit: GERALDINE LAWMAN and EDWARD CLEVELAND SMITH vs. D. J. WHA-LEN, HELEN, WHALEN, and UNITED SERVICES AUTOMOBILE ASSOCIATION, is res judicata or constitutes an es-toppel by judgment and is conclusive of the issues which the Plaintiffs would try herein and is effective to preclude the maintenance of this action by the parties herein.”
In our opinion, neither the doctrine of res judicata nor the doctrine of estoppel by *502 judgment justified the court in dismissing the insurer as a party defendant because of the previous litigation. Phyllis Whalen was concededly not a party to that litigation.
The courts of Florida have long held that an essential element of res judi-cata is the identity of parties. For instance, the Supreme Court of Florida held in Ford v. Dania Lumber & Supply Co., Inc. et al., 150 Fla. 435, 7 So.2d 594 (1942):
“The law of res judicata has many times been declared by this Court. McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323; Day v. Weadock et ux., 104 Fla. 251, 140 So. 668. One essential element is identity of parties. 34 C.J. 915; Black on Judgments, 2d Ed., Section 500 et seq.”
Similarly as to the doctrine of estoppel by judgment — the District Court of Appeal, Third District of Florida, held in Martin v. Arrow Cabs, Inc., 107 So.2d 394 (Fla.App. 1958) that the identity of the parties is “required to invoke the defense of estoppel by judgment.”
We hold in the case at bar that, since the defendant Phyllis Whalen, was not a party to “the two prior cases” mentioned in the order appealed from, neither the doctrine of res judicata nor the doctrine of estoppel by judgment is applicable, and so the said order, dismissing the insurer as a party defendant, was in error. We find no merit in the defendant Phyllis Whalen’s cross-assignment, as we think the plaintiffs’ complaint stated a cause of action as to her.
The order appealed from is reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Affirmed in part and reversed in part.
RAWLS and JOHNSON, JJ., concur.