Edward G. McDONALD,
Plaintiff-Appellant,

v.

HILLSBOROUGH COUNTY SCHOOL
BOARD, Joe Newsome, Chairman, et
al., Defendants-Appellees.

No. 86-3497
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 21, 1987.

Edward G. McDonald, pro se.

Richard A. Nielsen, Richard J. Salem, W. Crosby Few, Tampa, Fla., for defendants-appellees.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

HATCHETT, Circuit Judge.

We affirm the district court's holding that his lawsuit brought pursuant to 42 U.S.C. § 1983 is barred by the doctrine of *res judicata* based upon a similar suit the appellant brought in the courts of the state of Florida.

### Facts

The Hillsborough County School Board (the board) employed Edward G. McDonald, the appellant, to teach adult inmates at the Hillsborough Correctional Institution. The employment contract was for the school year beginning July 1, 1982, and ending June 30, 1983. Either party could terminate the contract upon written notice.

On January 12, 1983, after six months of employment, the board terminated McDonald for insubordinate, unacceptable,

and erratic behavior. He received written notice of his termination. His request for a hearing was denied. Subsequently, McDonald applied to work as a substitute teacher for the board, but based on his previous employment record, his application was refused. Again, McDonald petitioned the board for a formal hearing, and again, his petition was denied.

On March 10, 1986, McDonald filed this lawsuit against the board under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Florida, alleging that the board had wrongfully terminated his teaching contract and wrongfully refused to accept his application for the position of substitute teacher. McDonald also named as defendants (appellees), Paul D'Urso, his supervisor at the Hillsborough Correctional Institution, and Louie L. Wainwright, Secretary of the Florida Department of Corrections.

McDonald's complaint alleged: (1) that the board unlawfully terminated him from his teaching position at the Hillsborough Correctional Institution; (2) that the board violated his due process rights by refusing to grant him a grievance hearing; (3) that the board denied his right to due process by refusing demand for a "formal hearing"; (4) that the board libeled and defamed him in a letter by negligently accusing him of committing an illegal act; (5) that one of the board's employees libeled him in a communication that "falsely and negligently alleges the plaintiff teacher has a 'documented history of failure to follow directions' ..."; (6) that D'Urso, McDonald's supervisor at the prison, libeled and defamed him and caused him to be terminated; and (7) that the board and the Department of Corrections violated McDonald's first amendment rights by punishing him for attempting to tape record conversations with D'Urso at the prison.

The board filed a Motion to Dismiss the complaint on grounds of res judicata, 28 U.S.C. § 1738, alleging that McDonald had already litigated his cause of action in the Florida state courts, demanding the same relief, from the same parties, based on the same purported injuries, arising from the same set of events. *Edward G. McDonald v. Hillsborough County School Board,* Case No. 83–10528, Div. P, Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, *per curiam aff'd,* Case No. 84–949, Second District Court of Appeal of Florida.

D'Urso and Wainwright also moved to dismiss McDonald's complaint, contending that federal jurisdiction was lacking, that the libel and defamation claims were not subject to federal jurisdiction, that the allegations were insufficient to state a first amendment cause of action, that the same matters alleged in McDonald's complaint had been raised and were pending in a Florida state court, and that D'Urso should be dismissed because all his actions were taken in his official capacity as a Department of Corrections employee.

The district court granted the appellees' motions to dismiss on grounds of res judicata. McDonald appeals the dismissal.

Discussion

A. Standard of Review.

 To the extent that the dismissal of a case is based on the district court's conclusions of law, such conclusions are subject to plenary review as with any question of law. *See Crockett v. Uniroyal, Inc.,* 772 F.2d 1524 (11th Cir.1985). The district court's determination regarding the availability of res judicata as a defense is a conclusion of law. *Davis & Cox v. Summa Corp.,* 751 F.2d 1507 (9th Cir.1985). Thus, whether or not res judicata is available is totally reviewable.

B. McDonald's Claims Against the board.

 Prior to filing this lawsuit in the district court, McDonald filed suit against the Hillsborough County School Board in a Florida state court. *McDonald v. Hillsborough County School Board,* Case No. 83–10528, Div. P, Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, *per curiam aff'd.,* Case No. 84–949, Second District Court of Appeal of Florida. The state court rendered a final judgment in favor of the school board. Consequent-

ly, the district court properly held that McDonald's claim against the school board in this case is barred by the doctrine of *res judicata*. *Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir.1982).[1]

### C. McDonald's Claims Against D'Urso and Wainwright.

■ A federal court must apply the law of the state in which it sits with respect to the doctrine of *res judicata*. Title 28 U.S.C. § 1738 requires a federal court to give the same preclusive effect to a state court judgment as the state court would give. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468 (11th Cir.1986). Under Florida law, the doctrine of *res judicata* applies when four "identities" exist: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the person for or against whom the claim is made. *Albrecht v. State*, 444 So.2d 8, 12 (Fla.1984).

The district court properly found that all four of these identities exist in this case, and that McDonald's claim in federal court against D'Urso and Wainwright is barred by *res judicata*. As for the first element, identity of the thing sued for, the district court determined that the complaint filed by McDonald in this action is virtually identical to the complaint he filed in his state action against D'Urso and Wainwright. *Albrecht v. State*, 444 So.2d at 12; *Donahue v. Davis*, 68 So.2d 163 (Fla.1953).

As for the second element, identity of the cause of action, the test is whether facts essential to the maintenance of this federal action are identical to those facts which were essential to the maintenance of the prior state action. *Miami Beach v. Prevatt*, 97 So.2d 473 (Fla.1957); *Hay v. Salisbury*, 92 Fla. 446, 109 So. 617 (1926). If the testimony produced in the first action, in this case the state action against D'Urso and Wainwright, is essentially the same as the testimony that would be required to try the second action, then it is proper to conclude that both actions are founded on the same cause of action. *Gordon v. Gordon*, 59 So.2d 40 (Fla.1952), *cert. denied*, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). Because the complaint in the federal action is nearly identical to the complaint McDonald filed in the state court, the testimony required to defend the federal proceeding would be essentially the same as that which was produced to defend the state proceeding.

An exception to the "identity of the causes of action" requirement applies as to any issue presented in the second action which was, *or could have been*, litigated in the first action. *Albrecht v. State*, 444 So.2d at 12; *Poinciana Chinawear, Inc. v. Forsythe*, 136 So.2d 337 (Fla.1962). All the facts that gave rise to McDonald's complaint against the parties named in this suit had occurred prior to his initiation of the state suit against Hillsborough County School Board.[2] Thus, McDonald's allegations in this suit are substantially the same as those he made in his state court action; and any issues that he introduced for the first time in this action could have been presented to the state court in his suit against the school board.

As for the third element, identity of the parties, it is not necessary that the parties to both actions be identical. A judgment is

---

**1.** Although the district court made an error in its citation to the state court case, its analysis is correct. It cited the case by docket number, and did so incorrectly. In disposing of appellant's claim on grounds of *res judicata*, the district court cited Case No. 84–2999 instead of *McDonald v. Hillsborough County School Board*, Case No. 83–10528, upon which it intended to rely.

**2.** All the events and transactions that precipitated McDonald's lawsuits against the school board, D'Urso, and Wainwright occurred prior to the time McDonald filed his lawsuit in the state courts. Thus, McDonald *could* have sought redress for all his grievances in that state action. The fact that he has added additional counts to the claim in federal court, does not save the action from claim preclusion. He has had his day in court on whatever claim he made or could have made from his interaction with the school board, D'Urso, and Wainwright.

conclusive as to those in privity with the parties. *Hay v. Salisbury,* 92 Fla. 446, 109 So. 617 (1926); *McGregor v. Provident Trust Co.,* 119 Fla. 718, 162 So. 323 (1935). D'Urso and Wainwright are privies of the Hillsborough County School Board. The correctional facility has a contractual relationship with the Hillsborough County School Board and that relationship has created a commonality of interests for purposes of defending against McDonald's claim. Both D'Urso and Wainwright represent FDC and are, therefore, in privity with the board. Because they are privies, McDonald is barred from initiating a suit in federal court to redress the same claim upon which he was already defeated in a state court. Even though D'Urso and Wainwright were joined in the federal action as additional defendants, McDonald's action is barred because he has not asserted any new claim. McDonald cannot avoid the doctrine of *res judicata* by joining D'Urso and Wainwright in an action based on the same claim asserted against the board in the state court. *Hay v. Salisbury,* 92 Fla. 446, 109 So. 617 (1926). While the parties to the federal action may be nominally different from those in the state action, they are in effect the same parties. *Knabb v. Duner,* 143 Fla. 92, 196 So. 456 (1940).

The fourth requirement, identity of the quality of the person for or against whom the claim is made, requires little discussion. The test is whether the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action. *Ford v. Dania Lbr. & Supply Co.,* 150 Fla. 435, 7 So.2d 594 (1942). Because McDonald sued the school board and its chairman for relief on the same claim, arising from the same circumstances, and because he raised the same issues in the federal proceeding as he raised in the state proceeding, the district court properly determined that the board adequately represented and defended the interests of both D'Urso and Wainwright.

For the foregoing reasons, we affirm the district court's dismissal of McDonald's complaint as to all three parties on grounds of *res judicata.*

AFFIRMED.