[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15220
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-24142-PCH

MAURICE SYMONETTE,
KURT MARIN,
ALFRED J. DAVIS,
JAMES BUCKMAN,
JAMES LITTLEJOHN,

                                                        Plaintiffs-Appellants,

versus

AURORA LOAN SERVICES, LLC,
LEHMAN BROTHERS BANK FSB,
MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC. (MERS),
FLORIDA TITLE COMPANY,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 16, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Maurice Symonette, Kurt Marin, Alfred Davis, James Buckman, and James Littlejohn, proceeding *pro se*, appeal the district court's dismissal with prejudice of their claims against Aurora Loan Services, LLC, Mortgage Electronic Registration Services, Inc. ("MERS"), Lehman Brothers Bank FSB, and Florida Title Company for lack of subject-matter jurisdiction and for failure to comply with Rule 8.[1]  The appellants asserted the following causes of action: wrongful foreclosure, violation of civil rights, unjust enrichment, fraud, actions to quiet title, declaratory and injunctive relief, slander of title, intentional infliction of emotional distress, civil conspiracy, abuse of process, "discouragement [sic] of legal fees," illegal eviction, deprivation of rights under the Equal Protection Clause of the Fourteenth Amendment, and violations of RESPA, TILA, and the Civil Rights Act of 1964. All of these claims were either inextricably intertwined with a prior state court foreclosure judgment or were barred by *res judicata*.  Therefore, the district court did not err by dismissing the appellants' claims for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman*[2] doctrine and *res judicata*.

**I**

---

[1] *See* Fed. R. Civ. P. 8(a)(2).

[2] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 150, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

We assume the parties are familiar with the litigation history of this case. Thus, we summarize the facts and proceedings only insofar as necessary to provide context for our decision.

Mr. Marin defaulted on his mortgage loan for a condominium by failing to make his January 1, 2007 payment and has not made a payment on the loan for more than eight years. After this default, Aurora brought a mortgage foreclosure action in Florida state court. The state court entered a final judgment of foreclosure in favor of Aurora on August 11, 2009. *Id*.

The appellants filed a *pro se* complaint in federal court in November of 2013, asserting seventeen causes of action arising from their eviction from and foreclosure on their condominium. They sought title to the condominium and $5,000,000 in damages for intentional infliction of emotional distress. Aurora and MERS filed a motion to dismiss the claims for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, principles of *res judicata*, and the appellants' failure to meet the pleading requirements of Rule 8.

The district court granted the motion to dismiss. The court noted that the federal action was filed with the intent to attack the state court's August 2009 foreclosure judgment and was therefore barred by both the *Rooker-Feldman* doctrine and by *res judicata*. Additionally, the court concluded that the complaint failed to meet minimum pleading standards.

3

## II

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  We also review *de novo* a district court's application of the *Rooker-Feldman* doctrine and *res judicata*. *Lozman v. City of Riviera Beach, Fla.* 713 F.3d 1066, 1069-70 (11th Cir. 2013).

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review a state court's final judgment.  *Lozman*, 713 F.3d at 1072.  The doctrine does not apply if a party did not have a "reasonable opportunity to raise his federal claim in state proceedings." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)).  Here, however, the appellants had a reasonable opportunity to bring their federal claims in state court.  The *Rooker-Feldman* doctrine therefore applies, and the appellants' complaint was properly dismissed.

In terms of *res judicata*, under Florida law, "a judgment on the merits bars a subsequent action between the same parties on the same cause of action," and prohibits not only relitigation of claims previously raised, but also the litigation of claims that could have been raised. *State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003).  In order for the doctrine of *res judicata* to apply, there must be "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties;

4

and (4) identity of the quality of the persons for or against whom the claim is made." *McDonald v. Hillsborough Cnty. School Bd.*, 821 F.2d 1563, 1565 (11th Cir. 1987) (applying Florida law).  Identity of the cause of action is present when the "facts are essential to the maintenance of [the] federal action are identical to those facts which were essential to the maintenance of the prior state action." *Id*. The third element is met if the parties are either identical to or in privity with the parties to the original suit.  *Id*. at 1565-66.  The fourth element requires that the "parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties in the federal action." *Id*. at 1566.

Because all four elements required to establish *res judicata* are present in this case, the district court properly dismissed the complaint on this ground.  The district court suit was for the same thing as the foreclosure suit, namely, title to the condominium.  *See McDonald*, 821 F.2d at 1565.  The "facts essential to the maintenance of [the] federal action [were] identical to those facts which were essential to the maintenance of the prior state action," and, thus, the causes of action were identical. *See id*.  Next, Aurora and Mr. Marin were both parties in the federal and state court suits, MERS was in privity with Aurora by virtue of its assignment of the mortgage, and Mr. Marin was in privity with all the other appellants by virtue of their various tenancy arrangements with him. *See id*. at 1565-66.  Finally, the parties all had the desire to hold title to the condominium,

thereby motivating them to fully litigate the claims in the same character or capacity in each case, and making *res judicata* applicable to the state court foreclosure judgment. *See id*. at 1566.

### III

We affirm the district court's dismissal of the appellants' complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and on the basis of *res judicata*.

**AFFIRMED.**