**Franklin J. NERO, Sr., Plaintiff–Appellant,**

v.

**MAYAN MAINSTREET INV 1, LLC, Ezra Katz, personally, Bradley Weiss, personally, Shutts & Bowen LLP, (Orlando) Edward J. O'Sheehan, Esq., personally, David K. Markese, Esq., personally, Paul H. Freeman, Esq., personally, Rose, Sundstrom & Bentley, LLP, Bridget M. Grimsley, per-**

would have remained the same.

sonally, Shutts & Bowen LLP, (Fort Lauderdale) Gyvonne Fernandez, Peter E. Shapiro, Eric C. Reed, Esq., personally, Defendants–Appellees.

No. 15–10089
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 9, 2016.

Franklin J. Nero, Sr., Orlando, FL, pro se.

Edward John O'Sheehan, Shutts & Bowen, LLP, Fort Lauderdale, FL, Jack C. McElroy, Shutts & Bowen, LLP, Orlando, FL, Martin S. Friedman, Bridget M. Grimsley, Friedman Friedman & Long, PA, Lake Mary, FL, for Defendants–Appellees.

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Franklin J. Nero, Sr., has filed a *pro se* appeal of the district court's dismissal of his complaint alleging violations of the federal Truth in Lending Act (TILA) and Racketeer Influenced and Corrupt Organizations Act (RICO), as well as various state law claims. The district court held that some of Nero's federal claims were precluded because Nero had brought the same claims in state court. The court dismissed his remaining federal claims for failure to state a claim. Nero argues that both these holdings are wrong. He also says the district court should not have dismissed his state law claims and his mo-

tions for sanctions after it dismissed the federal claims. After careful review of the record and briefs, we affirm all of the district court's rulings.

## I.

◼ Nero first argues that the judgment from his earlier Florida case did not preclude his federal claims against Mayan Mainstreet Investors I, LLC ("Mayan"), Ezra Katz, and Bradley Weiss. We re-view *de novo* a district court's holding that a claim is precluded by a prior judgment. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir.2013). When we are asked to give preclusive effect to a state court judgment, we apply the preclusion rules of the state whose decision would bar further litigation. *See Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir.2006). Under Florida law, a judgment on the merits bars "not only relitigation of claims raised but also the litigation of claims *that could have been raised* in the prior action." *State v. McBride*, 848 So.2d 287, 290 (Fla.2003). For this bar to apply, there must be "(1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985).

The first of those four elements is satisfied if the earlier lawsuit sought the same remedy. *See id.* The second element "requires that the claims or causes of action be substantially the same. Identity of causes of action is defined by similarity of the facts essential to the maintenance of both actions." *Id.* at 1510 (quotation and alterations omitted). "As for the third element, identity of the parties, it is not necessary that the parties to both actions be identical. A judgment is conclusive as to those in privity with the parties." *McDonald v. Hillsborough Cty. Sch. Bd.*, 821 F.2d 1563, 1565–66 (11th Cir.1987). Finally, the fourth element requires that "the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action." *Id.* at 1566.

The district court did not err in holding that Nero's TILA and RICO claims against Mayan, Katz, and Weiss were precluded. Nero's state and federal claims all sought damages from the same foreclosure. This means there was "identity of the thing sued for." *Amey*, 758 F.2d at 1509.[1] Also, both his state RICO counterclaim and his federal RICO claim alleged that the foreclosure was based on forged documents. And both his state TILA counterclaim and his federal TILA claim asserted that Mayan wrongfully foreclosed on his property because he had rescinded the mortgage. This means there was "identity of the cause of action" too. *Id.* Next, though Katz and Weiss weren't parties in the state litigation, both men were in privity with Mayan. According to Nero's complaint, Katz was Mayan's

---

1. Nero offers an additional argument on this point. He says the remedies sought in the state and federal claims aren't the same because none of the parties in state court had requested conditional rescission. But foreclosure is an equitable remedy in Florida, and Florida courts sitting in equity have "broad discretion in forming [their] decrees, in order to adapt the relief to the circumstances of particular cases." *Nichols v. Bodenwein*, 107 Fla. 25, 146 So. 86, 93 (1932); *see also id.* ("[T]he power of a court of equity to grant relief is not circumscribed by any fact or technical rule.... The primary object of a decree is to reach the ends of justice, and equity procedure is usually elastic enough to accomplish this result."). Nero gives no legal support for his argument that his lack of a prayer for this specific relief should dictate whether his claim is precluded.

"Owner" and Weiss was a "Managing Member" of the company. This establishes "identity of persons and parties to the actions." *Id.* Finally, both Nero and Mayan had every incentive to adequately litigate the state action in order to resolve the foreclosure. This means there was also "identity of the quality or capacity of the person for or against whom the claim is made." *Id.*

## II.

Nero next argues that the district court should not have dismissed his federal claims against the remaining defendants for failure to state a claim. "We review *de novo* a district court's order dismissing a complaint for failure to state a claim upon which relief could be granted." *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000) (per curiam).

### A.

RICO provides for civil liability against people engaged in "a pattern of racketeering activity." 18 U.S.C. § 1962(c). A plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lehman v. Lucom,* 727 F.3d 1326, 1330 (11th Cir.2013) (quotation omitted). "Racketeering activity" is defined with a list of offenses that includes mail fraud and wire fraud. *See* 18 U.S.C. § 1961(1). If a RICO claim is based on an allegation of fraud, the complaint must specify "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1316–17 (11th Cir.2007).

The district court did not err in dismissing Nero's RICO claims against the remaining defendants for failure to state a claim. Nero did not specify in either his complaint, his objections to the magistrate judge's recommendations, or his briefs in this Court that any of the defendants committed one of the predicate offenses listed in 18 U.S.C. § 1961. As the magistrate judge noted, the closest Nero came to identifying a predicate offense was his assertion that the defendants made fraudulent online court filings. But federal fraud charges cannot be based on the filing of court documents. *See United States v. Pendergraft,* 297 F.3d 1198, 1209 (11th Cir. 2002) (establishing this rule for mail fraud); *United States v. Bradley,* 644 F.3d 1213, 1238 (11th Cir.2011) ("Mail and wire fraud are analytically identical save for the method of execution."). To the extent Nero alleges that the defendants made other kinds of fraudulent communications, he has never stated with particularity what these communications said, when they occurred, or the people involved. *See Ambrosia,* 482 F.3d at 1316–17.

As for Nero's TILA claims, TILA authorizes suit against creditors and assignees only. *See* 15 U.S.C. §§ 1640–1641. As the holder of Nero's mortgage, Mayan was the only creditor or assignee of the mortgage. This means Nero has no TILA claim against anyone other than Mayan or its agents.

### B.

Nero also argues that the district court abused its discretion by not allowing him to amend his complaint to correct his RICO and TILA claims. While we review a district court's refusal to grant leave to amend for abuse of discretion, we review *de novo* the legal determination that amendment would be futile. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600

F.3d 1334, 1336 (11th Cir.2010). A district court is not required to permit amendment if "there has been ... repeated failure to cure deficiencies by amendments previously allowed" or if "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001) (per curiam). The district court here did not abuse its discretion in denying Nero leave to amend his complaint. Nero had filed RICO and TILA charges in state court based on the same conduct alleged in his federal complaint. Despite several opportunities, Nero has failed to state a cognizable and non-precluded RICO or TILA claim in any of his filings in the state court, the district court, or this appeal.

### III.

■ Nero next argues that the district court should not have refused to assert jurisdiction over his state law claims after it dismissed his federal claims. "We review the district court's decision not to exercise supplemental jurisdiction for abuse of discretion." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir.2006). A federal court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Once the district court dismissed Nero's federal TILA and RICO claims, all that was left were his Florida law claims of conspiracy, theft, and fraud. Diversity jurisdiction does not supply federal jurisdiction for these claims. Nero was domiciled in Florida and his complaint states that all the defendants either lived in or operated from Florida. Once the district court dismissed the claims over which it had jurisdiction, it acted within its discretion in declining to assert supplemental jurisdiction over Nero's state law claims.

### IV.

Finally, Nero argues that the district court abused its discretion by dismissing as moot his motions for sanctions, which were based on allegations that the defendants committed fraud upon the district court. We review "all aspects" of a district court's sanctions rulings for abuse of discretion. *Didie v. Howes*, 988 F.2d 1097, 1103 (11th Cir.1993).

■ As an initial matter, the district court was wrong to say Nero's sanctions motions were moot. A "district court has the authority to.... rule upon the collateral issue of sanctions, although the case from which allegedly sanctionable conduct arose is no longer pending." *Id.* at 1103. Still, the district court did not abuse its discretion in declining to grant Nero's sanctions motions because the motions lacked merit. Rule 11 of the Federal Rules of Civil Procedure empowers a court to impose sanctions "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996) (quotation omitted). Federal courts also have the inherent power to impose sanctions based on a court's need "to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir.2005). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998). A party acts in bad faith by "knowingly or recklessly rais[ing] a frivolous argument or arguing a meritorious claim for the pur-

pose of harassing an opponent." *Id.* (quotation omitted).

Nero failed to demonstrate that any of the defendants' actions were in bad faith, for the purpose of harassment, or for any other improper purpose. To the contrary, the defendants' statements and assertions were supported by the state court's findings and do not appear false or fraudulent. The district court did not abuse its discretion in declining to grant Nero's sanctions motions.

**AFFIRMED.**