[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12753

_____

D.C. Docket No. 17-cv-24345-KMW

ALINA SCHUH,

Plaintiff-Appellant,

versus

AMERICAN EXPRESS BANK, FSB,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2020)

Before ED CARNES, Chief Judge, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Alina Schuh appeals the district court's dismissal of her amended complaint

that American Express violated the federal fair credit reporting act and the state

consumer collection practices act. We affirm because even if we assumed the legal consequences that flowed from the Florida county court order of dismissal were factual issues that could have been investigated by a furnisher like American Express under 15 U.S.C. section 1681s-2(b)(1) – and we doubt that they were – the order could not serve as res judicata or collateral estoppel in this later federal lawsuit. Florida law governs our analysis and compels our conclusion. See Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011) ("In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion.").

The order of dismissal cannot serve as res judicata because the facts essential to the maintenance of Schuh's federal action – whether American Express conducted a reasonable investigation as required by section 1681s-2(b)(1) – were not identical to those facts which were essential to the maintenance of the county court action – whether Schuh owed $12,000 under her contract with American Express. See McDonald v. Hillsborough Cty. Sch. Bd., 821 F.2d 1563, 1565 (11th Cir. 1987) ("Under Florida law, the doctrine of res judicata applies when four 'identities' exist: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the person for or against whom the claim is made. . . . As for the second element, identity of the cause of action, the test is whether facts essential to the maintenance of this federal action are identical to those

2

facts which were essential to the maintenance of the prior state action." (citations omitted)).  The order cannot serve as collateral estoppel because the county court case was not actually or fully litigated and decided; the case was dismissed as a sanction for failing to comply with the county court's orders.  See Quinn v. Monroe Cty., 330 F.3d 1320, 1329 (11th Cir. 2003) ("Under Florida law, collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction."); Zikofsky v. Mktg. 10, Inc., 904 So. 2d 520, 525 (Fla. 4th DCA 2005) ("Collateral estoppel applies even when a present and former cause of action are different and it bars relitigation of specific issues – 'that is to say points and questions' – that were actually litigated and decided in the former suit.").

As to Schuh's state consumer collection protection act claim, we agree with the district court that her citations to, and reliance on, definition sections in the state statute did not "give Defendant adequate notice of the claims against it and the grounds upon which the claims rest."  Schuh was given the opportunity to amend but she refused, telling the district court that any further amendment would be futile.

**AFFIRMED.**