838 F.2d 1545
 Henry Haines STOCKTON, Plaintiff-Appellant,
v.
Beverly Ann LANSIQUOT, John Wells, Patricia Ann Riedel,
Joyce Roderick Londono, Sarasota County Public
Hospital Board, Florida Patients'
Compensation Fund, Defendants-Appellees.
 No. 86-3871.
 United States Court of Appeals,
Eleventh Circuit.
 March 10, 1988.
 
 Carl J. Robie, III, Sarasota, Fla., for plaintiff-appellant.
 G. Hunter Gibbons, Claire L. Hamner, Dickenson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, Fla., Thomas F. Woods, Gatlin, Woods, Carlson & Cowdery, Tallahassee, Fla., for defendants-appellees.
 Appeal from the United States District Court of the Middle District of Florida.
 Before RONEY, Chief Judge, ANDERSON and EDMONDSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Henry Haines Stockton appeals a summary judgment in favor of defendants in this case which arose out of the circumstances surrounding his wife's death during her stay at Sarasota Memorial Hospital. The district court held that Stockton's claims against the Hospital were barred by the res judicata effect of a final judgment rendered in favor of the Hospital in a suit tried to a jury in state court and affirmed on appeal on substantially the same issues and claims as those asserted in the instant case. See H. Haines Stockton v. Sarasota County Public Hospital Board, No. 84-2042 (Fla. 2d DCA June 2, 1985) (affirming without opinion). We affirm.
 
 
 2
 A federal court must apply the law of the state in which it sits with respect to res judicata, and is required under 28 U.S.C.A. Sec. 1738 to give the same preclusive effect to a state court judgment as that judgment would enjoy in the courts of the state in which it was rendered. Migra v. Warren City School Dist., 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); McDonald v. Hillsborough County School Bd., 821 F.2d 1563, 1565 (11th Cir.1987). Under Florida law, the doctrine of res judicata applies when four "identities" exist: (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality of the person for or against whom the claim is made. Albrecht v. State, 444 So.2d 8, 12 (Fla.1984). The district court properly found that these four identities are present between this case and the state case which was basically brought under the wrongful death statute in Florida, and for breach of the Hospital's duty under state law.
 
 
 3
 First, as to the identity of things sued for, plaintiff in the state proceeding sued for money damages for the loss of his wife's companionship, services and protection; for his own pain and suffering; and for the Hospital's breach of its obligation to provide adequate care and its failure to promulgate effective rules insuring decedent's safety. The same recovery is sought in this suit.
 
 
 4
 Second, there is an identity in the causes of action. This is not meant to be a formalistic inquiry into the labels applied, instead the "determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." Albrecht, 444 So.2d at 12. The same witnesses would be asked to testify to the same sequence of events in federal court as they had previously done in state court. Thus, while in state court plaintiff pursued a wrongful death action and here asserts deprivation of civil rights under 42 U.S.C.A. Sec. 1983, both suits "could have been " initially pursued in either state or federal court without any variation in the presentation of facts or evidence. Albrecht, 444 So.2d at 12; see McDonald, 821 F.2d at 1565. Comparing the state and federal complaints, it is evident that the federal claims of an unconstitutional deprivation of Ruth Stockton's right to life would depend upon the very same facts and evidence as were necessary to maintain the prior state wrongful death action. The federal breach of contract action is similarly premised upon allegations that the Hospital failed to provide plaintiff's wife with due care, which was at the heart of plaintiff's failed attempt to prove negligence in the state forum.
 
 
 5
 Third, as to the identity of parties or their privies, it is not necessary that there be an exact identity of the parties. A judgment is conclusive as to those in privity with the parties. McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935); Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926). There is no cognizable distinction between the plaintiffs. Stockton suing on his own behalf in the federal action is essentially the same as his appearing as personal representative of decedent's estate in the state action. It is well settled Florida law that "even though a party in a subsequent suit was not a named party in a prior suit, such party is bound by the prior judgment if he participated in the first proceeding or was represented by a party to that proceeding." Kline v. Heyman, 309 So.2d 242, cert. denied, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975).
 
 
 6
 The defendants in the two actions are also sufficiently similar to fit within the third identity of res judicata under Florida law. The individual defendants are all employees of the Hospital, and the Florida Patients' Compensation Fund (the Fund) is an insurer of the Hospital. The actions of the individual defendants were implicated in the state wrongful death action which sought vicarious liability of the Hospital. The Fund has a contractual relationship with the Hospital and that relationship has created a commonality of interests for purposes of defending against plaintiff's claims. Thus, while the parties to the federal action may be nominally different from those in the state action, they are in effect the very same parties. Knabb v. Duner, 143 Fla. 92, 196 So. 456 (1940).
 
 
 7
 Fourth, the identity of the quality of the persons for or against whom the claim is made is apparent. The test is whether the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action. Ford v. Dania Lbr. & Supply Co., 150 Fla. 435, 7 So.2d 594 (1942). This same plaintiff sued the same defendants for relief on substantially the same claim, arising from the same circumstances, and raised the same underlying issues in the federal proceeding as he had previously raised in the state proceeding.
 
 
 8
 The district court properly granted defendants' motion for summary judgment on the ground of res judicata as matters outside the pleadings were considered. 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure Sec. 4405; Capitol Funds, Inc. v. Arlen Realty, Inc., 755 F.2d 1544, 1546-47 (11th Cir.1985).
 
 
 9
 AFFIRMED.