**Edward S. RADLE, et al., Plaintiffs,**

v.

**ALLSTATE INSURANCE CO., et al., Defendants.**

No. 90–224–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

March 8, 1991.

John J. Tyson, Williams, McGuire & Manuel, Orlando, Fla., for plaintiffs.

Rick Dalan, Fox & Grove, Chartered, St. Petersburg, Fla., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

The cause is before the Court on Defendants DeeDee Jane Brown and Jim's Hardware & Supply's[1] motion for summary judgment or, in the alternative, to stay action, filed August 27, 1990, and response thereto, filed September 18, 1990.

---

1. These are the only remaining defendants in this action. Allstate Insurance was dropped as a defendant at the time the amended complaint was filed on August 3, 1990, and the United States Department of Health and Human Services was dismissed by agreement between the parties in August of 1990.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274.

The amended complaint asserts that on or about February 27, 1986, Plaintiff Edward S. Radle was injured in an automobile accident involving his car and a vehicle driven by Defendant DeeDee Jane Brown, who was then employed by Jim's Hardware & Supply. Plaintiffs allege that Ms. Brown was negligent in her operation of the vehicle, including: excessive speed, failure to manage and control vehicle, and failure to yield right of way.

Initially, Defendants assert that summary judgment should be entered be-cause Plaintiffs are barred from proceeding in this cause under the doctrines of res judicata and/or collateral estoppel, based on proceedings in the state court of Wisconsin.

On February 24, 1989, these Plaintiffs filed suit in the circuit court of Milwaukee County, Wisconsin, against Allstate Insurance Company, United States Department of Health and Human Services, Metropolitan Life Insurance Company,[2] Ms. Brown, and Jim's Hardware & Supply. (Ex. 1 to motion).

In the most part the complaint was identical to the amended complaint filed in this district. The state court complaint alleged that Allstate Insurance had issued an insurance policy for the vehicle driven by Ms. Brown and involved in the accident with Edward Radle. Both the state court complaint and the federal amended complaint seek damages in the amount of $275,000.00 together with cost, disbursements, attorney's fees and other relief deemed appropriate.

Defendants DeeDee Jane Brown and Jim's Hardware & Supply filed a motion to dismiss the state court complaint based on lack of personal jurisdiction. On August 10, 1989, the state court judge entered an Order to Dismiss both defendants for lack of personal jurisdiction, but Defendant Allstate Insurance's motion to dismiss was denied, which denial was upheld on appeal. (Exs. 9 and 12 to motion).

Thereafter, Plaintiffs' case against Allstate when to jury trial in the state court. The jury verdict stated that DeeDee Jane Brown was negligent but that the accident of February 27, 1986, was not the cause of the injury suffered by Edward Radle. (Ex. 13 to motion).

Plaintiffs moved for new trial or judgment notwithstanding the verdict. The state court judge issued an order for judgment on June 18, 1990, and judgment on July 2, 1990. The judgment restated that the verdict that "Allstate Insurance Company's insured's negligence did not cause

---

**2.** The United States and Metropolitan Life were named because both had made certain pay-ments to the plaintiffs as to medical care related to the accident in question.

the injuries of the plaintiff, Edward S. Radle." (Ex. 17 to motion). There is no competent evidence that the judgment of the state court has been appealed. Thus, Defendants request that if the motion for summary judgment is not granted that the case be stayed pending resolution of any appeal in Wisconsin.

Plaintiffs deny that the issues or parties are identical in this action and the state court action; ask the Court to deny the motion for summary judgment; and assert that a stay is not in the interests of justice. Other than making the conclusory statement that res judicata does not lie, Plaintiffs do not address the issues raised by Defendants in the brief supporting their motion for summary judgment.

█ The doctrine of res judicata is that an existing final judgment or decree rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of the rights, questions, and facts in issue, as to the parties and their privies in any other action in the same or in another court. To make a judgment res judicata as to a later action there must be: 1) identity in the thing sued for, 2) identity of the causes of action, 3) identity of the persons and parties to the actions, and 4) identity of the quality or capacity of the person for or against whom the claim is made. 32 *Fla.Jur.2d*, Judgments and Decrees, §§ 96, 107.

█ A federal court is bound by the full faith and credit doctrine, 28 U.S.C. § 1738, to give state court judgments the same preclusive effect as would the courts of the state in which the judgment was rendered. *Stockton v. Lansiquot*, 838 F.2d 1545 (11th Cir.1988); *Krison v. Nehls*, 767 F.2d 344, 348 (7th Cir.1985). Wisconsin has adopted a "transactional" approach in determining res judicata application. This approach focuses on the factual situation in which the actions arise: if the suits arise from the same "transaction, incident or factual situation" the second suit will normally be barred by res judicata. *Id.*, at 349.

Plaintiffs have not disputed the finality of the judgment of the Wisconsin state court, nor have they raised any issues that there was fraud or collusion involved in the rendering of that judgment or that the forum was not competent. The only question raised is by Defendants, as to a rumor that Plaintiffs may have appealed that judgment, but no competent evidence has been asserted challenging the finality of the judgment. Therefore, the Court finds the judgment of the Wisconsin state court, dated July 2, 1990, to be a final judgment.

As to the elements of res judicata, the Court must examine the facts here to determine if this suit should be barred. The first element, identity in the thing sued for, is met. Both suits sue for the same damages, money damages for personal injury and loss of consortium.

█ The second element is identity of the causes of action. Applying the "transactional" approach of Wisconsin, the Court finds that there is an identity of causes of action between the suits. Both suits involve the same incident, the automobile accident of February 27, 1986, the same alleged injury, and the same asserted damages. The determining factor in deciding "whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." *Stockton*, 838 F.2d at 1546, citing, *Albrecht v. State*, 444 So.2d 8 (Fla. 1984). In that case, that determining factor is met.

█ The identity of parties is the next element necessary to establish res judicata effect. The doctrine is effective as to the parties and to those in privity with a party. 32 *Fla.Jur.2d*, Judgments and Decrees, §§ 147, 148. Privity is a mutuality of interest, an identification of interest of one person with another, and includes privity of contract, the connection or relationship which exists between contracting parties. *Black's Law Dictionary*, 5th Ed. (1979).

█ In Florida, it is settled that, even where a party is not a named party in the first suit, he is bound by the prior judgment if he participated in the first proceeding or was represented by a party to that proceeding. *Kline v. Heyman*, 309 So.2d

**1468**

242 (Fla. 2d DCA), *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). In this case, Defendants DeeDee Jane Brown and Jim's Hardware & Supply are the insured of Allstate Insurance Company, defendant in the state court action and the state court determined the negligence of the insured and that their negligence did not cause the injuries of Plaintiff. The Court finds that there is an identity of parties or their privities between the two suits.

The last element is the identity of the quality or capacity of the person for or against whom the claim is made. The test here is whether the state court parties had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action. *Stockton*, 838 F.2d at 1547. The Court finds that this test has been met. These Plaintiffs sued the same defendants, or those in privity with them, for the same relief on substantially the same claims, arising from the same incident.

Since the Court is finding that the doctrine of res judicata is applicable, it is unnecessary for it to address the issue of collateral estoppel. However, in an abundance of caution, the Court will address that issue.

 There are three requirements to the application of the collateral estoppel bar: 1) identity of the issues at stake in each suit; 2) the actual litigation of the issues; and 3) the determination of the issues in the prior litigation was a critical and necessary part of the judgment in the earlier action. *In re Held*, 734 F.2d 628, 629 (11th Cir.1984).

The complaint filed in this court has identity of issues with the state court action, the issues of liability and proximate cause were litigated in the state court, and those issues were critical and necessary to the judgment of the Wisconsin court. Therefore, the Court concludes that under both doctrines, res judicata and collateral estoppel, this cause of action is barred from being relitigated in this forum. Accordingly, it is

ORDERED that the motion for summary judgment be granted, this cause of action be dismissed, and the Clerk of the Court shall enter judgment for Defendants DeeDee Jane Brown and Jim's Hardware & Supply and against Plaintiffs Edward S. Radle and Margaret Radle.

DONE and ORDERED.