52 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bion James McVEIGH, Plaintiff-Appellant,
v.
L. BARTLETT, Corrections Officer, Defendant-Appellee.
 No. 94-2347.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.
 
 ORDER
 
 1
 Boin James McVeigh, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, McVeigh sued a state prison guard (Bartlett) alleging that the defendant: 1) violated his right to be free from cruel and unusual punishment when he injured McVeigh's arm by pulling it through a food slot in his cell door; and 2) violated his right to due process by not following prison regulations.
 
 
 3
 The defendant filed a motion to dismiss on the ground of qualified immunity, and a motion for summary judgment regarding plaintiff's Eighth Amendment claim. The district court denied defendant's motion to dismiss, but (after misconstruing McVeigh's due process claim) also concluded that McVeigh had not stated a Fourteenth Amendment claim. Thereafter, a magistrate judge reviewed McVeigh's response to the defendant's motion for summary judgment (which clarified his due process claim), and filed a report recommending that the district court grant summary judgment in favor of the defendant as McVeigh's claims lacked merit. Over McVeigh's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint. McVeigh has filed a timely appeal, reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendant because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The defendant's conduct does not reflect an unnecessary and wanton infliction of pain as it appears that the defendant applied force to remove McVeigh's arm from the food slot in a good faith effort to restore discipline. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir.1994); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). In addition, the defendant's alleged failure to comply with a prison policy directive during his attempt to remove plaintiff's arm from the food slot does not rise to the level of a constitutional violation because the policy directive simply does not create a protectible liberty interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Hewitt v. Helms, 459 U.S. 460, 474 (1983). Rather, the policy directive merely establishes a procedure to be followed when dealing with an unruly prisoner.
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.