FRANK, Acting Chief Judge.
In accordance with the mandate issued by the Supreme Court of Florida, we must consider whether res judicata or collateral estop-pel requires affirmance of the trial court’s summary judgment in favor of Preston & Farley, Inc. In the initial appeal to this court, we affirmed the summary judgment on the ground that the economic loss rule barred an action by Linn-Well Development Corporation against Preston & Farley, a real estate broker, for fraud in the inducement. Relying upon the law in this district at the time, which has since been overruled by the Florida Supreme Court, see Woodson v. Martin, 685 So.2d 1240 (Fla.1996), we held that the action was barred. The supreme court has remanded this case for further proceedings, including consideration of alternative grounds for reversal or affirmance of the summary judgment. Upon consideration, we hold that summary judgment in favor of Preston & Farley cannot be supported on the grounds of either collateral estoppel[1] or res judicata, and we reverse.
The instant proceeding involves two separate and distinct, but virtually identical lawsuits. In 1991, Linn-Well and other plaintiffs (hereinafter, Linn-Well) sued Crown Beverage Packaging, Inc. and other defendants, alleging misrepresentations and fraud in connection with a commercial real estate transaction. Linn-Well moved to amend its complaint to include Preston & Farley and other defendants who are not involved in this appeal. Linn-Well’s complaint, however, was never officially amended. Rather, Linn-Well filed a second lawsuit against Preston & Farley, alleging exactly the same claims as were asserted in the initial lawsuit. Preston & Farley’s answer to the newly-filed complaint included a motion to dismiss.
Concurrent action proceeded in the first case, including motions for summary judgment filed by Crown Beverage and other defendants. All parties and the court in the first case treated Linn-Well’s proposed amended complaint as the operative document, evert though service had not been effected upon Preston & Farley and no attorney appeared to represent its interests. After considering the issues generated in the first case by motions for summary judgment, the trial court entered a summary judgment against Linn-Well in favor of all defendants. The summary judgment, apparently prepared by one of the lawyers, included Preston & Farley as a prevailing defendant, despite the lack of service upon or appearance by Preston & Farley. Linn-Well then appealed the first ease to this court.
While the appeal was pending, the trial court abated proceedings in the second case, awaiting the outcome by this court of the appeal in the first case. Furthermore, the trial court refused to consider deleting Preston & Farley from the summary judgment in the first case, suggesting that any such request be directed to this court, which by then had been invested with jurisdiction over the first case. Linn-Well accordingly requested that we relinquish jurisdiction for the purpose of allowing the trial court to consider whether Preston & Farley had been inadvertently included in the summary judgment. That motion was opposed by the appellees, asserting that the allegations against Preston & Farley had been specifically included in the motions, the argument before, and the ruling of the trial court. This court declined relinquishment of jurisdiction. We subsequently affirmed the summary judgment in the first case and denied Linn-Well’s motion for rehearing.
Linn-Well next attacked the summary judgment in the trial court, moving for relief *580 from judgment and requesting amendment for correction of the “clerical error.” Preston & Farley opposed that motion and moved for summary judgment in the second case. The trial court then issued an order stating that it had intended to grant final summary judgment in the first case as to all parties named in the amended complaint and that no clerical error had occurred. In light of that ruling, summary judgment in the second case ensued. Linn-Well now challenges both of those decisions.
We reverse both the failure to remove Preston & Farley from the first judgment and the entry of summary judgment in its favor in the second ease. Because the complaint adding Preston & Farley was never judicially amended, because Preston & Farley was never served with a summons or other process, and because Preston & Farley never made an appearance in the matter, the trial court lacked in personam jurisdiction over it and therefore Preston & Farley should not have been included as a codefendant. See Knight v. Global Contact Lens, Inc., 319 So.2d 622 (Fla. 3d DCA 1975). Never did Preston & Farley exercise a right to participate in the litigation. A judgment entered against a defendant without service of process is void and can be attacked on motion at any time. See Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987). Furthermore, the failure of this court to relinquish jurisdiction during the pendency of the first appeal is of no consequence. Preston & Farley was not a party to the appeal nor did it make an appearance in this court, and this court’s affirmance of the summary judgment as to the other parties did not act to affirm the void judgment as to Preston & Farley. In any event, because the judgment was void as to Preston & Farley, correction of the error was permissible within a reasonable time under Florida Rule of Civil Procedure 1.540(b), notwithstanding this court’s decision as to the other parties.
Our inquiry into this matter does not end with our determination that the first judgment was void as to Preston & Farley. As a defendant in the second case, Preston & Farley could nevertheless be held bound by the first judgment on the grounds of res judicata. Strict identity of parties is not crucial for application of that judicial doctrine. “In Florida, it is settled that, even where a party is not a named party in the first suit, he is bound by the prior judgment if he participated in the first proceeding or was represented by a party to that proceeding.” Radle v. Allstate Insurance Co., 758 F.Supp. 1464, 1467 (M.D.Fla.1991) (citing Kline v. Heyman, 309 So.2d 242 (Fla. 2d DCA 1975)). The courts have applied the concepts of “virtual representation,” see Delta Air Lines, Inc. v. McCoy Restaurants, Inc., 708 F.2d 582 (11th Cir.1983), and privity, see Progressive American Ins. Co. v. McKinnie, 513 So.2d 748 (Fla. 4th DCA 1987), to extend the doctrine of res judicata. It is apparent, however, that neither concept is operative in this case. Although the parties at the summary judgment hearing in the first case acted as if the complaint had been amended and as if Preston & Farley were a defendant, none of those present was in privity with or represented the interests of Preston & Farley. Thus, the trial court erred in granting summary judgment in favor of Preston & Farley on the grounds of res judicata in the second case.
The orders under review are reversed. In Hillsborough Circuit Court Case No. 91-3585, Preston & Farley is to be struck as a defendant from the final summary judgment. In Hillsborough Circuit Court Case No. 92-3719, summary judgment in favor of Preston & Farley and against Linn-Well is reversed.
ALTENBERND and BLUE, JJ., concur.

. At the oral argument held after remand, the appellees essentially abandoned their collateral estoppel argument.