**Joseph Hughes COLEMAN,
Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–
Appellees.**

No. 02–2119.

United States Court of Appeals,
Sixth Circuit.

March 27, 2003.

Before MERRITT and
BATCHELDER, Circuit Judges; and
DUPLANTIER, District Judge.*

*ORDER*

Joseph Hughes Coleman, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief only, Coleman filed a complaint against the following officials employed by the Michigan Department of Corrections ("MDOC"): Director Bill Martin, Michigan Parole Board Members John Hallacy and B.Q. Johnson, Parole Guideline Scoresheet Staff Members Oliver, Downing, and Seigrist, Warden Henry Grayson, Assistant Resident Unit Supervisors Genevieve Allen and Ray Chmielewski, Assistant Deputy Warden Chris Daniels, Foodservice Supervisor Jane Hernandez, Automotive School Instructor Harold Hubbard, Hearings Investigators Frey and Marienfeld, Warden Robert Straub, and Doctor Cabrerra. Coleman also named Michigan Attorney General Jennifer M. Granholm as a defendant.

Coleman alleged that the Michigan Parole Board improperly scored his Parole Guidelines Scoresheet ("PGS"), which resulted in a decrease in the probability that he would receive parole. Specifically, Coleman alleged that the PGS contains a

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

"mental health" section wherein a prisoner is given a numeric score of "–5" if he has had "psychiatric hospitalization during any of currently active sentence(s)," is serving a sentence for a criminal sexual conduct offense or "offense(s) involving sexually assaultive behavior," or has developed "[a] serious psychotic mental state" after incarceration and "no subsequent therapy suggests improvement." Coleman received a score of "–5" on the mental health section of his PGS apparently due to psychiatric treatment that he voluntarily sought and received in the past. Coleman also alleged a violation of his right to privacy because his mental health records were released to and considered by the parole board when evaluating his probability of parole. In addition, Coleman alleged that the defendants failed to provide him with adequate medical care and unjustly denied him a promotion and pay raise in his prison job.

The district court summarily dismissed Coleman's complaint for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). The district court subsequently denied Coleman's motion for reconsideration, and his motions for relief from judgment filed pursuant to Fed. R.Civ.P. 60(b), to amend his complaint, for appointment of counsel, to proceed in forma pauperis on appeal, to sue the MDOC in its official capacity, for a preliminary injunction, and to certify a portion of his case as a class action. Coleman now appeals. He has also filed a motion "for stay" and to "hold case in abeyance," an "in limine" motion, and a motion for judgment on the pleadings.

We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Upon review, we conclude that the district court properly dismissed Coleman's complaint for failure to state a claim upon which relief may be granted, although our decision is based upon different reasons than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994) (this court may affirm a decision of the district court "on any grounds supported by the record"); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985) (this court must affirm a district court's decision "if correct for any reason, including a reason not considered by the lower court").

In order to state a viable claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir.1996). Prisoners have "no constitutional or inherent right" to parole or a parole hearing. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The mere presence of a parole system and the possibility of parole simply do not create a liberty interest in parole release. *Bd. of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz,* 442 U.S. at 11. Furthermore, the state of Michigan has not created a liberty interest in parole eligibility. Mich. Comp. Laws Ann. § 791.235(1) (West Group 2002); *Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994). Since Coleman

has neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a § 1983 claim based upon the alleged erroneous calculation of his PGS. *See Flagg Bros.*, 436 U.S. at 155.

Coleman's privacy claim based upon the dissemination of his mental health records to the parole board also fails to state a § 1983 claim for relief because " 'the Constitution does not encompass a general right to nondisclosure of private information.' " *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir.1994) (quoting *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir.1981)).

Coleman has waived appellate review of the district court's dismissal of his claims alleging inadequate medical care and denial of a promotion and raise in his prison job because his appellate brief does not contain any argument as to why the district court's dismissal of those claims was improper. *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.