Joseph **COLEMAN**, Plaintiff,

v.

Bill **MARTIN**, et. al., Defendants.

No. Civ.A.04–CV–72534–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 29, 2005.

Joseph Coleman, Linden, TN, pro se.

Christine M. Campbell, James T. Farrell, Michigan Department of Attorney General Corrections Division, Lansing, MI, Stephanie A. Carll, Cardelli, Hebert, Royal Oak, MI, for Defendants.

***ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS TO QUASH, DENYING PLAINTIFF'S MOTION IN LIMINE, DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE PROCESS***

TARNOW, District Judge.

On March 15, 2005, Magistrate Judge Mazjoub issued a report and recommendation [40] recommending that Defendants' motions to dismiss [19, 20, 22, 34] should be granted; that Plaintiff's motions to quash [23, 26], motion in limine [5], motion for declaratory judgment [39] and motion to enlarge time to serve process [27]

should be denied. Plaintiff has not filed objections to the report and recommendation.

The Court has reviewed the report and recommendation as well as the relevant pleadings, and agrees with the report and recommendation. Therefore,

IT IS HEREBY ORDERED that the report and recommendation [40] is accepted and entered as the findings of the Court;

IT IS FURTHER ORDERED that Defendants' motions to dismiss [19, 20, 22, 24] are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motions to quash [23, 26] are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion in limine [5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for declaratory judgment [39] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to enlarge time to serve process [27] is DENIED.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

MAJZOUB, United States Magistrate Judge.

*RECOMMENDATION:* Defendants' Motions to Dismiss (Docket # 19, 20, 22, & 34) should be **GRANTED** pursuant to Fed. R.Civ.P. 12(b)(6); Plaintiff's Motions to Quash (Docket # 23, 26), Motion in Limine (Docket # 5), Motion for Declaratory Judgment (Docket # 39), and Motion to Enlarge Time to Serve Process (Docket # 27) should be **DENIED.**

\* \* \* \* \* \*

Plaintiff was allowed to proceed *informa pauperis* and filed the instant complaint on July 21, 2004 pursuant to 42 U.S.C. § 1983 alleging various violations of his federally secured rights. Of the twenty or so individuals and Michigan Agencies named as Defendants to this action, Grayson, Daniels, Allen, Chmielewski, Bureau of Pardons and Paroles, Bureau of Health Care Services, and Bureau of Prisons have not yet been served.[1] Along with his complaint, Plaintiff filed a Motion in Limine (Docket # 5) which this Court construes as a Motion for Class Certification. On October 1, 2004, Defendants Michigan Civil Service Commission and the Civil Service Ethics Board filed a Motion to Dismiss (Docket # 19) to which Plaintiff filed a response on October 12, 2004 (styled as a Motion to Quash, Docket # 26).

On October 7, 2004 Defendant Dr. Numa Cabrera filed a Motion to Dismiss (Docket # 20) and later filed a Corrected Motion to Dismiss (Docket # 22). Plaintiff filed a response to Defendant Cabrera's Motion to Dismiss which he styled as a Motion to Quash (Docket # 23). On October 27, 2004 Plaintiff filed a Motion to Enlarge the Time to Service Process on Defendants (Docket # 27). On December 8, 2004 Defendants Michigan Department Of Corrections (MDOC), Downing, Hernandez, Hubbard, Marschke, Martin, Oliver, and Siegrist filed a Motion to Dismiss (Docket # 34) to which Plaintiff responded on December 16, 2004 (Docket # 36, "Motion to Quash"). On December 10, 2004 the case was referred to the undersigned for all pretrial proceedings.

In his complaint Plaintiff challenges Michigan's parole guidelines scoring process ("PGS") as unconstitutional. More

---

1. The Litigation Coordinator of the Parnall Correctional Facility sent Plaintiff letters dated September 13, 2004 indicating that she could not accept service on behalf of Grayson, Chmielewski, Allen, or Daniels as they were no longer employed by the Michigan Department of Corrections.

specifically, he alleges that the PGS discriminates against inmates by assigning a negative five points to those individuals who have committed a sex crime or experienced a psychotic episode or hospitalization during incarceration (Plaintiff's Complaint). Plaintiff also claims that the Michigan Parole Board has failed to follow § 8 of the Michigan Administrative Procedures Act by failing to implement the directives of 1992 PA 181, Mich. Comp. Laws § 791.233e.

Plaintiff further alleges that Assistant Resident Unit Supervisor Genevieve Allen prepared Plaintiff's Parole Eligibility Report (PER) without Plaintiff's input. Allegedly, Allen indicated in Plaintiff's PER that he had a "recommendation to O[ut] P[atient] M[ental] H[ealth]" which resulted in Plaintiff receiving a negative five points in his PGS. Plaintiff also alleges that Grayson and Daniels, Allen's supervisors, conspired to validate Allen's improper conduct which was further ignored by the Civil Service Ethics Board (Plaintiff's Complaint). Plaintiff further alleges that Allen violated the law by reviewing his confidential medical files without his permission.

Apparently Plaintiff, a former veteran, received medical treatment at a Veterans' Administration Medical Center (VAMC) prior to the offense leading to his incarceration. Plaintiff claims that MDOC included, without his permission, his VA records in his Presentence Investigation Report (PSI) which MDOC officials ultimately relied upon to calculate Plaintiff's parole eligibility. Because MDOC relied on the PSI containing Plaintiff's past VAMC records, Plaintiff received a negative five score during the PGS process.

Next, Plaintiff complains of MDOC's Technical Rule Violation (TRV) program under which parolees who violate the terms of their parole may be exempt from reincarceration. The TRV exemption is not generally available to those individuals who have been prescribed medication for mental illness. Apparently, Plaintiff violated the terms of his parole in 1999 after which Parole Agent Bettley indicated that Plaintiff was not eligible for the TRV exemption "because of medication." (Plaintiff's Complaint). Plaintiff claims that "[i]t ought to have been my option to discontinue medication, as the Department had denied the medicine for six months prior to my release on parole. It is the same elective medication that forms the basis of [Plaintiff's] –5 [parole score]." *Id.*

Plaintiff also complains that he received unfair and false work and school evaluations ("363s") in 2000, which apparently affected his parole.

### PLAINTIFF'S PREVIOUS COMPLAINT

Prior to the instant action, Plaintiff filed an action (02–72057) raising many of the same claims raised herein. In that prior action, Plaintiff claimed that he was improperly denied parole based upon his mental health records and an incorrectly calculated parole guideline score. Plaintiff also claimed that (1) his right to privacy was violated when his mental health records were released for consideration by the parole board, (2) he received inadequate medical care from Defendant Cabrera, and (3) he was unjustly denied a promotion for his prison work detail. Judge Tarnow dismissed Plaintiff's claims based on the alleged errors in Plaintiff's parole guideline score based on *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[2] Judge Tarnow further concluded that

---

**2.** In *Heck,* the Supreme Court held that claims brought under 42 U.S.C. § 1983 were improper where those claims questioned the validity or duration of an inmate's incarceration.

[a] prisoner may not use § 1983 to collaterally attack the validity of parole board hearings where the prisoner is challenging the outcome of the hearings and such outcome has not been reversed, expunged, declared invalid, or called into question. *See Huey v. Stine,* 230 F.3d 226, 228–29 (6th Cir.2000). In the instant case, a judgment in favor of Plaintiff would imply the invalidity of his continued confinement. Accordingly, with respect to his claim regarding the denial or parole, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

(Judge Tarnow's Order of Summary Dismissal, dated June 25, 2002).

The Court also dismissed Plaintiff's claims that Defendants violated his right to privacy by considering his mental health records. Specifically, the Court concluded that " '[t]he Constitution does not encompass a general right to nondisclosure of private information.' " (Order of Dismissal, pg. 3).

The Court further concluded that Plaintiff failed to state a claim against Defendant Cabrera. Allegedly, Dr. Cabrera failed to prescribe Ritalin to Plaintiff and instead discontinued all of Plaintiff's medications in August 1998. The Court pointed out that in order to sustain an Eighth Amendment claim of deliberate indifference to medical needs, a prisoner must satisfy a two-prong test. First, he must demonstrate that the medical needs were serious and required attention that adhered to contemporary standards of decency. Then, he must establish that defendants were deliberately indifferent to those needs. The Court concluded that "Plaintiff's claims amount to a disagreement with Defendant Cabrera as to the appropriate course of treatment for Plaintiff's illness[ ][and] ... 'a difference of opinion between a prisoner and a doctor over a diagnosis or treatment ... fails to state an Eighth Amendment claim.' " (Order of Dismissal, pg. 4)(internal citations omitted).

Finally, the Court dismissed Plaintiff's claims against Defendants Hernandez, Hubbard, and Grayson related to his prison work detail. Specifically, the Court held:

> A prisoner has no constitutionally protected right to a prison job or a particular prison wage. *See Izard v. Blair,* 173 F.3d 429, 1999 WL 96747, *2 (6th Cir. 1999); see also Bulger v. U.S. Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir.1995)(holding that prisoners "have no constitutionally protected liberty or property interests per se in their prison job assignments"); *Coakley v. Murphy,* 884 F.2d 1218, 1221 (9th Cir.1989)(holding that prisoner had no constitutionally protected property interest in work release program); *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987)("[I]nmates have no constitutional right to be assigned to a particular job."). Thus, because Plaintiff does not have a constitutional right to be assigned a particular job or to receive a particular wage, he has failed to state a claim upon which relief may be granted.

(Order of Summary Dismissal, pg. 5).

The Sixth Circuit Court of Appeals affirmed this Court's Order of Summary Dismissal for reasons other than those relied upon by this Court. Instead of relying on *Heck v. Humphrey* to dismiss Plaintiff's claims based on his parole guideline score, the Sixth Circuit held that

> [p]risoners have 'no constitutional or inherent right' to parole or a parole hearing. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The mere presence of a parole system and the possibility of parole simply do not create a liberty interest in parole release. *Bd. Of Pardons v. Allen,* 482

U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz*, 442 U.S. at 11, 99 S.Ct. 2100. Furthermore, the state of Michigan has not created a liberty interest in parole eligibility. Mich. Comp. Laws Ann. § 791.235(1)(West Group 2002); *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994). Since Coleman has neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a § 1983 claim based upon the alleged erroneous calculation of his PGS. *See Flagg Bros.*, 436 U.S. at 155, 98 S.Ct. 1729.

*Coleman v. Martin*, 63 Fed.Appx. 791, 2003 WL 1795710 (6th Cir.2003). As to Plaintiff's privacy claims, the Sixth Circuit held that "'the Constitution does not encompass a general right to nondisclosure of private information.'" *Id.* (citing *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir.1994))(quoting *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir.1981)). As to Plaintiff's remaining claims of inadequate medical care and denial of prison promotions and work assignments, the Sixth Circuit concluded that Plaintiff "waived appellate review of … [these] claims … because his appellate brief does not contain any argument as to why the district court's dismissal of those claims was improper." *Id.* (citing *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997)); *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

## DEFENDANTS' INSTANT MOTIONS TO DISMISS

In his Motion to Dismiss, Defendant Cabrera asserts that Plaintiff fails to state a cognizable claim against him or that Plaintiff's claims, if any, are barred by *res judicata* and the applicable statute of limitations. Defendants Michigan Civil Service Commission and Board of Ethics also move for dismissal or summary judgment claiming that Plaintiff has failed to state a claim, has presented no issue of material fact, and that Plaintiff's claims are barred by the application of res judicata. Defendants MDOC, Downing, Hernandez, Hubbard, Marschke, Martin, Oliver, and Siegrist move for dismissal claiming that (1) Defendants were not properly served, (2) MDOC is entitled to Eleventh Amendment Immunity, (3) Marschke is entitled to absolute immunity as a member of the Michigan Parole Board, (4) Defendants Martin, Oliver, Downing, and Siegrist were not personally involved in a manner sufficient to impose liability under § 1983, (5) Plaintiff fails to state a claim upon which relief can be granted, (6) Plaintiff has no standing to assert the rights of other potential third parties, (7) Plaintiff's claims are moot in light of his release from prison. On March 4, 2005, Plaintiff filed a Motion for Declaratory Relief in which he argues that *res judicta* ought not bar his instant claims because his previous complaint was dismissed based on the holding of *Heck v. Humphrey*.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

### RES JUDICATA

 Defendants contend that most, if not all, of Plaintiff's claims are barred by application of *res judicata*. Federal *res judicata* applies here because Plaintiff's earlier suit involved a federal claim that resulted in a federal judgment. *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161 (1st Cir.1991); *Poe v. John Deere Co.*, 695 F.2d 1103 (8th Cir.1982); *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983). Application of federal *res judicata* requires the presence of three elements: (1) a final judgment on the merits of the earlier action; (2) the claims asserted in both suits are sufficiently related and founded upon the same transaction, arise out of the same nucleus of operative facts, and seek redress for essentially the same basic wrong; and (3) both actions involve the same parties or their privies. *Kale*, 924 F.2d at 1165. Federal *res judicata* bars not only all matters that were litigated in the first proceeding, but also all issues that could have been litigated. *Kale*, 924 F.2d at 1164; *Interstate Pipe Maintenance, Inc. v. FMC Corp.*, 775 F.2d 1495, 1497 (11th Cir.1985); *Johnson v. United States*, 576 F.2d 606, 611 (5th Cir. 1978).

The Court must now determine whether all, or any, of Plaintiff's instant claims should be barred by *res judicata*. Having reviewed both the instant complaint and Plaintiff's previous complaint, the Court is convinced that Plaintiff's claims are substantially identical and arise from the same nucleus of operative facts. In fact, most of the allegations contained in Plaintiff's previous complaint are identical to the allegations contained in his instant complaint. The Defendants common to both the previous and instant actions are; Martin, Grayson, Daniels, Allen, Chmielewski, Hubbard, MDOC, Hernandez, Michigan Parole Board, John Hallacy, Johnson, Seigrist, Downing, Oliver, Michigan Attorney General, and Dr. Cabrera. The Court dismissed Plaintiff's prior complaint on June 25, 2002 for failing to state a claim upon which relief could be granted. On March 27, 2003, the Sixth Circuit affirmed this Court's dismissal such that its Order became the final order of judgment in Plaintiff's previous case.[3] Accordingly, Plain-

---

3. The Sixth Circuit affirmed this Court's June 25, 2002 dismissal but declined to adopt this Court's reasoning that some of Plaintiff's claims were barred under *Heck v. Humphrey*. The Sixth Circuit's Order, therefore, super-

ceded the Order of Dismissal issued by this Court on June 25, 2002. For these reasons, the Court rejects Plaintiff's argument that this Court's June 25, 2002 Order of Dismissal

tiff's instant complaint should be barred by application of federal *res judicata* as to those Defendants named in Plaintiff's prior complaint.

■■■ The Court acknowledges, however, that neither this Court nor the Sixth Circuit previously commented on Plaintiff's more general claim that Michigan's parole guideline scoring process violates the Equal Protection Clause of the Fourteenth Amendment by discriminating against those individuals who have been treated for mental illness. Without analysis of Plaintiff's Equal Protection claim, the Sixth Circuit held that "[p]risoners have 'no constitutional or inherent right' to parole or a parole hearing." *Coleman*, 63 Fed.Appx. 791 (6th Cir.2003). While this Court agrees with the Sixth Circuit's general statement that prisoners have no constitutional right to parole, a prisoner may still maintain an equal protection claim based on his alleged disparate treatment. Such a claim is separate and distinct from claims based on the denial of parole. Although the Court did not expressly comment on Plaintiff's Equal Protection claim, Plaintiff failed to raise this issue on appeal before the Sixth Circuit. Because *res judicata* bars not only those claims actually litigated but also those claims that *could have been litigated,* Plaintiff's Equal Protection claim is also barred from this Court's review based on his failure to raise the same on appeal in his prior case.

■■■ Assuming, *arguendo*, that Plaintiff's Equal Protection claim was not barred by the application of *res judicata,* this claim is still without merit. In order to state an equal protection claim, a plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class or that the state infringed upon a fundamental right. *Henry v. Metro. Sewer Dist.,*

922 F.2d 332, 341 (6th Cir.1990). Because Prisoners are not members of a protected class, *Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir.1997), and Plaintiff's complaint fails to implicate a fundamental right, the MDOC parole scoring process is presumed valid unless it is not rationally related to a legitimate state interest. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). An equal protection claim brought under § 1983 must fail "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); *City of Cleburne,* 473 U.S. at 440, 105 S.Ct. 3249.

In this case, the Court concludes that there is a rational basis for MDOC's parole scoring process that assigns a negative score in certain situations involving inmates who have been treated for mental illness. It is not irrational for the state to consider the effect of mental illness on an inmate's potential for recidivism. The state may also consider the effect of mental illness on an inmate's ability to adjust and adapt upon release from incarceration. And because the Michigan parole statutes include the protection of public safety as a stated purpose, *See Hopkins v. Michigan Parole Board,* 237 Mich.App. 629, 604 N.W.2d 686 (1999), the statutes are rationally related to a legitimate state interest. Plaintiff fails to rebut these legitimate state interests such that his equal protection claim must fail.

## PLAINTIFF'S NEW CLAIMS AND NEWLY NAMED DEFENDANTS

■■■ In the instant action, Plaintiff also names as Defendants the Michigan Civil Service Commission and the Michigan Board of Ethics. Plaintiff alleges only

---

based on *Heck* must control for purposes of applying *res judicata.*

that the he wrote "multiple grievances and letters and complaints to the Civil Service [and] Ethics Board" who apparently failed to rectify Plaintiff's grievances. The law is clear that liability under § 1983 cannot be imposed based on theories of vicarious liability or *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Therefore, Plaintiff fails to include any cognizable claims against the Michigan Civil Service Commission or Board of Ethics.

■■■■ Plaintiff also names Parole Board Chairman Marschke as a Defendant to this action based on his oversight of the parole scoring process. Parole board members, however, enjoy absolute immunity when performing adjudicatory functions. *See Thompson v. Duke,* 882 F.2d 1180, 1184 (7th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990); *Bricker v. Michigan Parole Board,* 405 F.Supp. 1340, 1345 (E.D.Mich.1975)(holding that parole board members have quasi-judicial immunity). Similarly, Plaintiff cannot impose liability on Defendant Marschke for his role in signing and rejecting a Step I grievance filed by Plaintiff. *See Manney v. Monroe,* 151 F.Supp.2d 976 (N.D.Ill.2001). Thus, Plaintiff has failed to state a claim against Defendant Marschke.

■■■■ Also without merit is Plaintiff's claim that the Michigan Parole Board has failed to follow § 8 of the Michigan Administrative Procedures Act by failing to implement the directives of 1992 PA 181, Mich. Comp. Laws § 791.233e. Assuming Plaintiff's claim is correct, the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation. *See Hyland v. Martin,* 234 F.3d 1268 (W.D.Mich.2000)(citing *McVeigh v. Bartlett,* 52 F.3d 325, 1995 WL 236687 (6th Cir.1995)); *Barber v. City of Salem,* 953 F.2d 232, 240 (6th Cir.1992)(holding that failure to comply with an administrative rule does not by itself give rise to a constitutional violation). Without alleging a constitutional violation stemming from Michigan's alleged failure to implement or regulate its laws, Plaintiff's claim based on the § 8 of the Administrative Procedures Act is not cognizable under § 1983.

■■■■ Accordingly, Defendants' Motions to Dismiss should be **GRANTED** and the instant complaint dismissed pursuant to Fed.R.Civ.P. 12(b)(6). *See Thompson v. County of Franklin,* 15 F.3d 245, 253–54 (2d Cir.1994)("res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim."); *Terrell v. DeConna,* 877 F.2d 1267, 1270 (5th Cir.1989)(finding that a motion to dismiss is sufficient to raise the defense of issue preclusion); *Rodriguez v. Baldrich,* 628 F.2d 691, 692 n. 2 (1st Cir.1980)("Res judicata is more properly pleaded as an affirmative defense in an answer, but no objection has been raised to the consideration of the issue on a motion to dismiss and no prejudice is discernible."); *Andrews v. Daw,* 201 F.3d 521, 524 n. 1 (4th Cir.2000)(holding that a res judicata defense may be raised by motion to dismiss for failure to state a claim when the defense appears on the face of the complaint, and also when judicial notice of the court's own records establishes the defense and there are no disputed facts.); *but see Moch v. East Baton Rouge Parish School Bd.,* 548 F.2d 594, 596 n. 3 (5th Cir.1977)(absent acquiescence of the parties or a showing of preclusion on the face of the complaint, affirmative pleading and summary judgment are preferred); *Stockton v. Lansiquot,* 838 F.2d 1545, 1547 (11th Cir. 1988)(res judicata properly raised by motion for summary judgment since matters outside the pleadings were considered). The Court also recommends that Plaintiff's Motion to Enlarge Time to Serve Process

be **DENIED** as Plaintiff's claims against the unserved Defendants would also be barred by *res judicata.*

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Services,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Any objections must be labeled as "Objection # 1," "Objection # 2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.

March 15, 2005.