# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————

JAMUNA PETROLEUM, INC., and ARIFUR BHANDARI,

Appellants,

v.

MARIBEL CONKLIN,

Appellee.

No. 2D2023-1420

———————————————

July 17, 2024

Appeal from the Circuit Court for Hillsborough County; Emily A. Peacock, Judge.

Paul DeCailly of DeCailly Law Group, P.A., Clearwater, for Appellants (withdrew after briefing).

Dineen Pashoukos Wasylik of DPW Legal, Tampa, for Appellee.

LABRIT, Judge.

Jamuna Petroleum, Inc., and its registered agent, Arifur Bhandari, appeal a default final judgment entered against them and an order denying Mr. Bhandari's motion to set aside the judgment. We dismiss this appeal as to the judgment because we lack jurisdiction to review it, and we affirm the order denying Mr. Bhandari's motion to set aside the judgment.

Maribel Conklin sued Mr. Bhandari and Jamuna Petroleum, asserting claims for civil theft, fraud, and breach of contract.  Ms. Conklin alleged that she paid Mr. Bhandari $40,000 on December 11, 2019, pursuant to an undated purchase agreement for a convenience store and gas station.  After trying unsuccessfully to contact Mr. Bhandari over several months, Ms. Conklin demanded the return of her money on April 28, 2020.  Mr. Bhandari responded by requesting that the matter be put "on hold for 60 days."  Ms. Conklin declined and issued a civil theft demand pursuant to section 772.11(1), Florida Statutes (2020).  After four more months passed without a word from Mr. Bhandari, Ms. Conklin filed suit on August 26, 2020.

Ms. Conklin struggled to serve Appellants and filed two motions to extend time for service of process before moving for entry of default. Attached to these motions were emails and affidavits from Ms. Conklin's process server recounting attempts to serve Mr. Bhandari on at least eleven different days across three different months, at different times of the day and even in different states.  Ultimately Ms. Conklin served process on the Florida Secretary of State, relying on section 48.161, Florida Statutes (2021).  She then filed her motion for default and default judgment on August 24, 2021.  Her counsel submitted an affidavit with the motion that recited the steps taken to achieve service of process on the Secretary of State and included various documents, among them a certified mail receipt evidencing delivery of the service documents to Appellants.

On December 17, 2021, following a hearing that neither Appellant attended, the trial court entered a default final judgment against Appellants.  Mr. Bhandari moved to set aside the judgment three weeks

2

after its entry but never scheduled a hearing on the motion. Ms. Conklin noticed a hearing on the motion eleven months later, which was held over Zoom. Neither Appellants nor their counsel of record attended. After the hearing, the trial court rendered an order denying Mr. Bhandari's motion to set aside the judgment. Mr. Bhandari and Jamuna Petroleum filed a notice of appeal of "the Final Judgment dated December 17, 2021, which was rendered on June 6, 2023, following the Order on Defendant Arifur Bhandari's Motion to Set Aside Default and Final Default Judgment, dated and rendered June 6, 2023."

## II.

### A. Default final judgment.

An appeal of a default final judgment must be filed within thirty days of the judgment's rendition for the appellate court to have jurisdiction. *See* Fla. R. App. P. 9.110(b). "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h). In their notice of appeal filed on July 5, 2023, Appellants characterized the default final judgment as having been "dated December 17, 2021[, and] rendered on June 6, 2023."

This is a mischaracterization. The default final judgment was not merely dated—but signed, filed, and rendered—on December 17, 2021. What *was* rendered on June 6, 2023, was the order denying Mr. Bhandari's motion to set aside the judgment. Mr. Bhandari filed his motion to set aside twenty-two days after rendition of the default final judgment, but that motion did not toll rendition of the judgment. *See* Fla. R. Civ. P. 1.540(b) ("A motion under this subdivision does not affect the finality of a judgment . . . or suspend its operation."); *see also* Fla. R. App. P. 9.020(h)(1) (listing motions that toll rendition). Because Appellants filed their appeal of the default final judgment over a year and

3

a half after it was rendered, we lack jurisdiction to review it. *See Parkhomchuck v. AIY, Inc.*, 338 So. 3d 397, 400 (Fla. 3d DCA 2022).

## B. The order denying the motion to set aside the judgment.

The notice of appeal indicates that Appellants seek review only of the default final judgment, but Mr. Bhandari seemingly asks us to review both the judgment and the order denying his motion to set it aside. Our supreme court has advised that "defects in the notice of appeal are not to be considered jurisdictional defects, or grounds for dismissal, unless the complaining party was substantially prejudiced." *Ratner v. Miami Beach First Nat'l Bank*, 362 So. 2d 273, 274 (Fla. 1978). Accordingly, though the notice of appeal is fairly read as addressing only the default final judgment itself, we have jurisdiction to review the order denying Mr. Bhandari's motion to set the judgment aside.

Mr. Bhandari's motion alleged that he established excusable neglect, had a meritorious defense to the complaint, and acted with due diligence to seek relief from the judgment. He also argued that service of process was defective. Specifically, Mr. Bhandari alleged that Ms. Conklin relied on the nonresidency portion of section 48.161 to effect service, which he argued was improper given that he was a Florida resident and Jamuna Petroleum is a Florida corporation.

Because a claim of defective service of process is a claim that the judgment is void, we construe the motion as having been filed under Florida Rule of Civil Procedure 1.540(b)(4). *See Linn–Well Dev. Corp. v. Preston & Farley, Inc.*, 710 So. 2d 578, 580 (Fla. 2d DCA 1998) ("A judgment entered against a defendant without service of process is void and can be attacked on motion at any time."). Although we ordinarily review a ruling on a motion to set aside for abuse of discretion, "a trial court has no discretion to refuse to vacate a void judgment." *Deluca v.*

4

*King*, 197 So. 3d 74, 75 (Fla. 2d DCA 2016). Such claims are generally reviewed de novo. *See Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 80 (Fla. 2d DCA 2014).

Mr. Bhandari raises a single issue on appeal, arguing solely that proper service under section 48.161 requires more than service by certified mail with a copy sent to the Secretary of State. But it doesn't appear from the record that he ever presented this argument to the trial court, so this argument is unpreserved. *See, e.g., Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005). And because Mr. Bhandari has not raised his excusable neglect/meritorious defense/due diligence argument on appeal, it is waived. *See, e.g., Warren v. HMC Assets, LLC*, 367 So. 3d 590, 594-95, 595 n.1 (Fla. 2d DCA 2023). Last, Mr. Bhandari has developed no argument showing how the trial court may have erred in denying his motion to set aside the default final judgment. His arguments are directed exclusively to reversal of the judgment itself; indeed, that is the only relief Mr. Bhandari requested in his initial brief. Thus, to the extent Mr. Bhandari seeks reversal of the order denying his motion to set the judgment aside, he has not sufficiently presented his claims for our review. *See Roop v. State*, 228 So. 3d 633, 642 (Fla. 2d DCA 2017).

For the foregoing reasons, we dismiss the appeal of the default final judgment and affirm the order denying the motion to set aside the judgment.

Dismissed in part; affirmed in part.

VILLANTI and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

5